PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Antonya Quantez Beach</u>  Case Number: <u>3:07-00149-01</u>

Name of Sentencing Judicial Officer: <u>Honorable Robert L. Echols, U. S. District Judge</u>

Name of Current Judicial Officer: <u>Honorable Kevin H. Sharp, U. S. District Judge</u>

Date of Original Sentence: <u>October 22, 2008</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>57 months' custody followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>November 7, 2011</u>

Assistant U.S. Attorney: <u>Byron Jones</u>  Defense Attorney: <u>Michael Terry</u>

---

### PETITIONING THE COURT
__X__  To issue a Summons.
_____  To issue a Warrant.

---

### THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 12th day of June, 2014,
and made a part of the records in the above case.

_____
Kevin H. Sharp
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Eric Illarmo
U.S. Probation Officer

Place  Nashville, TN

Date  June 12, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**

The defendant used a controlled substance in violation of this condition as evidenced by positive drug tests on six occasions, which indicated the defendant used marijuana: March 17, March 24, May 1, May 22, May 27, and June 2, 2014.

On March 17, 2014, the defendant submitted a urine sample which tested positive for marijuana. He denied using the substance, but admitted he was associating with family members who were smoking marijuana the day before. The sample was sent to the testing lab, and was confirmed positive, indicating marijuana use.

The defendant was placed on a random drug testing program. On March 24, 2014, the defendant, again, tested positive for marijuana, but he denied further use. He stated that, on March 16, 2014, his cousins provided him with "dro candy," which is short for "hydro candy." He explained that the candy was infused with marijuana; however, at the time he ate it, he did not know what it was, and he did not recognize any effects related to drug use. He indicated he only discussed the matter with his relatives after receiving a positive drug screen, at which point, he realized that he unwittingly ingested illegal drugs.

On March 26 and April 7, 2014, the defendant submitted urine samples which tested negative for drug use.

On May 1, 2014, the defendant, again, tested positive for marijuana. He admitted that he smoked the substance in a car with relatives. He explained that he succumbed to peer pressure because he was experiencing stress. At this point, the defendant's treatment provider, Centersone Mental Health, was contacted and advised of the situation. The defendant was provided with an appointment for individual counseling to address the root causes of his drug use.

On May 22, 2014, the defendant, again, tested positive for marijuana. He denied using the substance since his last test. The defendant's urine sample was submitted for toxicology analysis, and the toxicologists indicated that the test was positive as the result of new marijuana use.

On May 27, 2014, the defendant, again tested positive for marijuana. He denied using the substance since his last test. The defendant's urine sample was submitted for toxicology analysis, and the toxicologists indicated that the test was positive as the result of new marijuana use.

On June 2, 2014, the defendant, again tested positive for marijuana. He initially refused to take a drug test and admitted smoking the substance over the weekend as a result of stress. The defendant stated he was open to increasing treatment, and he was directed to increase the frequency of his treatment sessions.

2. **The defendant shall not commit another federal, state, or local crime.**

    On three occasions, the defendant was cited and charged with three traffic violations in Davidson County General Sessions Court:

    On December 17, 2012, the defendant was cited for driving with a revoked license. On March 27, 2013, the case was dismissed under Case No. SCE86201, and the defendant was ordered to pay $131.78.

    On May 3, 2013, the defendant was, again, cited for driving with a revoked license. On August 6, 2013, the case was dismissed under Case No. SCE103210, and the defendant was ordered to pay $131.78.

    On July 19, 2013, the defendant was, again, cited for driving with a revoked license. On October 23, 2013, the case was dismissed under Case No. SC1029939, and the defendant was ordered to pay $131.78.

    On November 4, 2013, the defendant reported that he sold his car and did not drive any longer.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Antonya Quantez Beach began his term of supervised release on November 17, 2011, and is currently scheduled to complete his term on November 16, 2014. He is currently unemployed.

On April 26, 2012, the Probation Office filed a report, advising the Court that the defendant failed to comply with his mental health treatment requirements. On May 17, 2012, after considering the Probation Office's report, the Court issued a Warrant for the defendant's arrest. On June 4, 2014, the offender was arrested and brought before Magistrate Judge Juliet E. Griffin, at which time, he was released on his own recognizance.

On June 21, 2012, the Court granted the defendant's motion to continue the revocation hearing, and, on July 27, 2012, the Court granted the defendant's second motion to continue.

On September 10, 2012, the Probation Office filed a second Report on Offender Under Supervision, which advised the Court that, on August 18, 2012, the defendant's girlfriend filed charges of assault against the defendant. The allegations were recanted, and the case was dismissed on October 22, 2012. No action was ordered by the Court. On September 17, 2012, the Court granted the government's motion to dismiss the petition. It should be noted that the defendant currently resides with the alleged victim, and the two maintain a romantic relationship. The defendant stated this relationship is volatile and is a source of stress.

On April 8, 2014, the Probation Office filed a third Report on Offender Under Supervision, which advised the court of two positive drug tests and three traffic violations. On April 10, 2014, the Court ordered no action, on the recommendation of the Probation Office. This conduct is realleged in the current petition so that the Court may consider the defendant's conduct in total.

It should be noted that the defendant did not receive treatment for the month of April 2014 as a result of personnel changes at Centersone Mental Health, the defendant's treatment provider.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

It is respectfully requested that a summons be issued for Mr. Antonya Quantez Beach, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to a representative of the U.S. Attorney's office who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ANTONYA BEACH, CASE NO. 3:07-00149

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 6 to 12 months *U.S.S.G. §7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1 to 3 years *U.S.S.G. §5D1.2(a)(2)* | No recommendation |

Revocation is mandatory if the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g)(4). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

*Eric Illarmo*
Eric Illarmo
U.S. Probation Officer

Approved:

_____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant   <u>Antonya Quantez Beach</u>

2. Docket Number (Year-Sequence-Defendant No.)   <u>3:07-00149</u>

3. District/Office   <u>Middle District of Tennessee</u>

4. Original Sentence Date   <u>October 22, 2008</u>
   *month  day  year*

(if different than above):

5. Original District/Office   <u>Same as above</u>

6. Original Docket Number (Year-Sequence-Defendant No.)   <u>Same as above</u>

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| Illegal Use of a Controlled Substance | C |
| New Misdemeanors | C |

8. Most Serious Grade of Violation (see §7B1.1(b))     | C |

9. Criminal History Category (see §7B1.4(a))     | IV |

10. Range of Imprisonment (see §7B1.4(a))     | 6 to 12 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

   ■ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. §7B1.3(f).

12. Unsatisfied Conditions of Original Sentence

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution($): | 0 | Community Confinement: | 0 |
    | SA($): | $25 | Home Detention: | 0 |
    | Other: | 0 | Intermittent Confinement: | 0 |

13. Supervised Release

    If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____

    The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

    Period of supervised release to be served following release from imprisonment:_____

14. Departure

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennyslvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90

**Defendant's Address:**
Antonya Quantez Beach
420 Welshwood Drive, Apt. D-69
Nashville, Tennessee 37211